UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AHMADOU SANKARA,

                 Plaintiff,

       v.

P. GONYEA, et al.,

                 Defendants.

9:18-CV-0534
(MAD/DJS)

---

APPEARANCES:

AHMADOU SANKARA
16-R-0122
Plaintiff, pro se
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

    Plaintiff Ahmadou Sankara filed this action pro se seeking relief for the alleged violation of his constitutional rights during his confinement at Mohawk Correctional Facility ("Mohawk C.F."). *See generally* Dkt. No. 1 ("Compl."). Plaintiff, who was confined at Upstate Correctional Facility when he filed this action, did not pay the filing fee and requested leave to proceed in forma pauperis ("IFP"). Dkt. No. 3.

    In a Decision and Order filed June 8, 2018, this Court denied plaintiff's IFP application pursuant to the three "strikes" rule of 28 U.S.C. § 1915(g) ("Section 1915(g)"). Dkt. No. 9 ("June Order"). Plaintiff was afforded thirty (30) days in which to pay the statutory filing fee of

four hundred dollars in full if he wished to avoid dismissal of this action.  *Id.* at 7.

Plaintiff has not paid the filing fee.  Plaintiff has filed a motion seeking reconsideration of the June Order.  Dkt. No. 11.

## II. DISCUSSION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.)).  "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements."  *Maye v. New York*, No. 10-CV-1260 (GLS/DRH), 2011 WL 4566290, at *2 n.6 (N.D.N.Y. Sept. 29, 2011) (citation omitted).

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion to reconsider "is not favored and is properly granted only upon a showing of exceptional circumstances."  *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).  Reconsideration should be granted where necessary to correct for "clear error" or to "prevent manifest injustice."  *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

By his motion, plaintiff seeks reconsideration of the Court's determination that he has at least three "strikes" for purposes of Section 1915(g) and, also, of the Court's finding that the "imminent danger" exception is not applicable here.  *See* Dkt. No. 11.  The Court has

2

reviewed plaintiff's motion thoroughly and with due regard for his status as a pro se litigant.

**A.     Determination of "Strikes"**

Upon review of plaintiff's litigation history, the Court noted that the three "strikes" rule of Section 1915(g) has been enforced against plaintiff in the Southern District of New York since December 2016. *See* June Order at 3.[1] After reviewing the decisions from the Southern District, as well as the docket sheets for the four actions and appeals found to constitute "strikes",[2] this Court likewise concluded that plaintiff had acquired at least three "strikes" prior to commencing this action. *Id.*

In his motion for reconsideration, plaintiff objects generally to the determination that he had accrued three "strikes" for purposes of Section 1915(g) prior to commencing this action. *See* Dkt. No. 11 at 1-2. However, plaintiff does not take issue with the Court's determination that four of his prior actions and appeals (*see* note 2) count as "strikes" but, rather, argues that the complaints filed in *Tyvres*, *Citibank*, and *Family Court* were not frivolous and are themselves "strikes." Dkt. No. 11 at 1-2.

In the June Order, the Court did not review or make any findings with respect to the merits of plaintiff's complaints in *Tyvres*, *Citibank*, or *Family Court*, nor did it identify those cases as "strikes" for purposes of Section 1915(g). *See* June Order. Rather, the Court

---

[1] The Southern District cases cited by the Court in the June Order are *Sankara v. Tryves*, No. 1:16-CV-08969, Order (S.D.N.Y. Dec. 29, 2016) ("*Tyvres*"); *Sankara v. Citibank*, No. 1:17-CV-10020, Order (S.D.N.Y. Dec. 22, 2017) ("*Citibank*"); and *Sankara v. Family Court of State of New York County of Bronx*, No. 1:18-CV-00238, Order (S.D.N.Y. Jan. 12, 2018) ("*Family Court*"). *See* June Order at 3.

[2] The four actions and appeals identified as strikes are: (1) *Sankara v. N.Y.C. Dep't of Corr.*, No. 15-CV-8928 (S.D.N.Y. July 26, 2016) (dismissed for failure to state a claim); (2) *Sankara v. Dunnan*, No. 15-CV-8760 (S.D.N.Y. Jan. 29, 2016) (dismissed as frivolous and on immunity grounds); (3) *Sankara v. Doe*, No. 15-CV-5046 (S.D.N.Y. Nov. 4, 2015) (dismissed for lack of subject matter jurisdiction); and (4) Sankara v. Doe, No. 15-3973-pr (2d Cir. May 26, 2016) (dismissing appeal from *Sankara v. Doe* as lacking an arguable basis in law or fact). *See Tyvres*, Order at 1-2.

3

reviewed those decisions from the Southern District and concluded that the decisions relied on by those courts in determining plaintiff's IFP applications (*see* note 2) were properly determined to be "strikes."  *Id.* at 2.

As a result, plaintiff's motion for reconsideration of the Court's determination that he had acquired at least three "strikes" when he filed this action is denied.

**B.    Applicability of the "Imminent Danger" Exception**

Plaintiff also seeks reconsideration of the June Order insofar as the Court concluded that the "imminent danger" exception contained in the final phrase of Section 1915(g) is not applicable in this action.  *See* Dkt. No. 11 at 3.  As discussed in the June Order, even assuming that plaintiff was subjected to excessive force in January 2018, any danger posed by defendants had clearly dissipated by the time he filed his complaint on April 30, 2018, especially in light of the fact that he was no longer confined at Mohawk C.F. at that time. June Order at 4-5.

The crux of plaintiff's argument in support of his motion for reconsideration appears to be that because he was subjected to ongoing harassment and threats of physical harm by defendants after the January incident, he was in "imminent danger" throughout his confinement at Mohawk C.F.  *See* Dkt. No. 11 at 3.  Even assuming that plaintiff's allegations are true, because plaintiff was no longer confined at Mohawk C.F. when he signed his complaint, any danger posed by defendants was no longer present.  *See Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged).

Based upon the foregoing, plaintiff's motion for reconsideration is denied.  If plaintiff wishes to proceed with this action, he must pay the statutory filing fee of four hundred dollars

4

($400.00) within thirty (30) days of the filing date of this Decision and Order. Upon payment of the filing fee, the Clerk shall return the file to this Court for review of the complaint in accordance with 28 U.S.C. § 1915A. Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further order of this Court.

**III. CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that this action shall be **DISMISSED** unless, within **thirty (30) days** of the date of this Decision and Order, plaintiff pays the Court's filing fee of four hundred dollars ($400.00) in full; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this Court for review of plaintiff's complaint in accordance with 28 U.S.C. § 1915A; and it is further

**ORDERED** that if plaintiff fails to timely comply with this Decision and Order, the Clerk is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: July 11, 2018
      Albany, NY

*[signature]*
Mae A. D'Agostino
U.S. District Judge